UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARBARA J. WEBER, Ph.D.,<br><br>         Plaintiff,<br>   v.<br><br>DAVID E. EASH, Attorney at Law;<br>JOHN MUNDING, Trustee of the<br>Court; PAUL ZAMBON; and<br>GENERAL SERVICES<br>ADMINSTRATION,<br><br>         Defendants. | NO: 2:15-CV-225-RMP<br><br>ORDER GRANTING MOTION TO<br>DISMISS AS TO JOHN MUNDING |

BEFORE THE COURT is Defendant John Munding's Motion to Dismiss Case as Frivolous *Sua Sponte* as to Chapter 7 Trustee John D. Munding or Under FRCP 12(b)(6), **ECF No. 11**. Plaintiff is proceeding *pro se* in prosecuting this action. The Court has reviewed the filings, the response memorandum (ECF No. 13), the reply memorandum (ECF No. 25), and is fully informed.

**BACKGROUND**

On January 28, 2015, Plaintiff Dr. Barbara Weber alleges that she had an allergic reaction in the Thomas S. Foley United States Courthouse in Spokane,

ORDER GRANTING MOTION TO DISMISS AS TO JOHN MUNDING ~ 1

WA. ECF No. 21 at 14.  Dr. Weber alleges that she was attending a bankruptcy hearing on the fifth floor when she reacted to something in the environment and was forced to leave the floor.  *Id.*  Defendant John Munding was serving as the bankruptcy trustee.  *Id.* at 16.  Dr. Weber alleges that she returned to the fifth floor where Mr. Munding made her remain to answer questions and refused to make any accommodations for her allergic reaction.  *Id.*

The instant lawsuit alleges that Mr. Munding failed to make reasonable accommodations for Dr. Weber's disability as required by a variety of federal and state statutes.  *See id.* at 20.  Dr. Weber alleges that Mr. Munding violated (1) Title II of the Americans with Disabilities Act ("ADA"); (2) the Rehabilitation Act; (3) Title III of the ADA; (4) the Architectural Barriers Act ("ABA")[1]; (5) the Washington Law Against Discrimination ("WLAD"); and (6) the Fourteenth Amendment Due Process Clause. *Id.* at 14, 20.

Dr. Weber filed her initial complaint on September 3, 2015.  ECF No. 1.  Dr. Weber filed an amended complaint on September 8, 2015.  ECF No. 4.  Dr. Weber then moved the Court for leave to file a second amended complaint on September

---

[1] Dr. Weber alleges that Mr. Munding violated a statute called the "ABA." *See* ECF No. 13 at 6.  Although Dr. Weber never uses the non-abbreviated name or cites the code provision, the Court will assume that Dr. Weber intended to bring a cause of action under the Architectural Barriers Act.

ORDER GRANTING MOTION TO DISMISS AS TO JOHN MUNDING ~ 2

23, 2015.  ECF No. 8.  The Court granted leave to amend on October 14, 2015.

ECF No. 20.  Although Mr. Munding filed his motion to dismiss on September 28,

2015, the Court determined that his arguments were equally applicable to Dr.

Weber's second amended complaint.  *Id.* at 2.  Dr. Weber filed a response

memorandum on October 5, 2015.  ECF No. 13.  Mr. Munding filed a reply

memorandum on October 19, 2015.  ECF No. 25.

## DISCUSSION

### I.    Rule 12(b)(6) Legal Standard

The Federal Rules of Civil Procedure allow for the dismissal of a complaint

where the plaintiff fails to state a claim upon which relief can be granted.  Fed. R.

Civ. P. 12(b)(6).  A motion to dismiss brought pursuant to this rule "tests the legal

sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In

reviewing the sufficiency of a complaint, a court accepts all well-pleaded

allegations as true and construes those allegations in the light most favorable to the

non-moving party.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir.

2010).

To withstand dismissal, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

ORDER GRANTING MOTION TO DISMISS AS TO JOHN MUNDING ~ 3

## II.    Title II of the Americans with Disabilities Act

Dr. Weber alleges that Mr. Munding violated Title II of the ADA when he failed to make reasonable accommodations for her allergic reaction.  ECF No. 21 at 20.  Dr. Weber cites a number of statutory and Code of Federal Regulations provisions as well as sections of the Title II Technology Assistance Manual.  *Id.*

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  The term "public entity" includes "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority."  42 U.S.C. § 12131.  "By definition, the ADA does not apply to the federal government." *United States v. Wishart*, 146 F. App'x 171, 173 (9th Cir. 2005).

As a Chapter 7 trustee, Mr. Munding is a private party, not a government employee.  But even assuming that a Chapter 7 trustee acts on behalf of the government,[2]  Dr. Weber has failed to state a claim upon which relief can be

---

[2] Courts have found that Chapter 7 trustees act under color of law in certain instances. *See In re Barman*, 252 B.R. 403, 412–413 (Bankr. E.D. Mich. 2000)

ORDER GRANTING MOTION TO DISMISS AS TO JOHN MUNDING ~ 4

granted.  If Mr. Munding was acting under color of law in his role as a Chapter 7 trustee, he would have been acting under color of federal law.  As Title II of the ADA applies to neither private entities nor the federal government, Title II is inapplicable to Mr. Munding.  Dr. Weber's cause of action under Title II of the ADA against Mr. Munding is therefore **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

/ / /

/ / /

---

(noting that the "circumstances surrounding the status and function of a trustee in a chapter 7 case all suggest a sufficient nexus to the government and its power that it is necessary and appropriate to apply to the trustee the fourth amendment limits on government power"); *In re Bursztyn*, 366 B.R. 353, 368 (Bankr. D.N.J. 2007) (noting that "the Court is not prepared to conclude that a bankruptcy trustee is free from the strictures of the Fourth Amendment and forfeit a debtor's expectations of privacy").  *But see Listecki v. Official Comm. of Unsecured Creditors*, 780 F.3d 731, 741 (7th Cir. 2015) (concluding that a Creditors' Committee, appointed by the United States Trustee, was not acting under color of law for the purpose of the Religious Freedom Restoration Act).  It is, however, unnecessary to determine whether Mr. Munding was acting under color of law in this instance, as there is no indication that Mr. Munding was acting on behalf of a State or local government.

ORDER GRANTING MOTION TO DISMISS AS TO JOHN MUNDING ~ 5

### III.    The Rehabilitation Act

The Rehabilitation Act states that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency."  29 U.S.C. § 794(a).  To state a claim under the Rehabilitation Act, Dr. Weber must allege that she was subjected to discrimination under a qualifying "program or activity."  *Id.*  The term "program or activity" potentially includes the operations of instrumentalities of State or local governments, educational institutions, and business organizations. 29 U.S.C. § 794(b).  The definition does not include the actual operations of federal instrumentalities.  *See id.*  As neither the bankruptcy proceeding nor the federal courthouse qualifies as a "program or activity,"  Dr. Weber's cause of action against Mr. Munding under the Rehabilitation Act is **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

### IV.    Title III of the Americans with Disabilities Act

Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  "Public accommodation"

includes various private entities, if the operations of such entities affect commerce, including places of lodging, establishments serving food or drink, theaters, places used for public transportation, and places of education.  42 U.S.C. § 12181(7).

Dr. Weber's allegation, as understood by the Court, is that Mr. Munding discriminated against her regarding her use of the federal courthouse.  Dr. Weber has failed to state a claim upon which relief can be granted.  There is no support for the proposition that a courthouse is a place of public accommodation as the term is defined by the ADA.  Unlike the various entities listed in § 12181(7), a courthouse is not a private entity.  Further, while Mr. Munding occasionally works in the courthouse, as a private attorney he does not own, lease, or operate the entity as required by § 12182(a).  Dr. Weber's cause of action under Title III of the ADA against Mr. Munding is therefore **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

## V.    The Architectural Barriers Act

The ABA was designed to "insure whenever possible that physically handicapped persons will have ready access to, and use of, [qualifying] buildings." 42 U.S.C. § 4152.  While the federal courthouse may be subject to the ABA, *see* 42 U.S.C. § 4151, the ABA provides for "purely administrative remedies" and does not "provide for a private cause of action."  *Jackson v. Fed. Bureau of Prisons*, 06-1347 (MJD/RLE), 2007 WL 843839, at *20 (D. Minn. Mar. 16, 2007); *see also Fulton v. United States*, 198 F. App'x 210, 216 (3rd Cir. 2006) (noting that the

ORDER GRANTING MOTION TO DISMISS AS TO JOHN MUNDING ~ 7

1    ABA "provid[es] no independent statutory right of action . . . nor . . . an implied

2    right of action").  As the ABA does not authorize a private cause of action, Dr.

3    Weber's attempted cause of action under the ABA against Mr. Munding is

4    **dismissed with prejudice** for failure to state a claim upon which relief can be

5    granted.

6    **VI.    Washington Law Against Discrimination**

7          The WLAD states that "the right to be free from discrimination because

8    of . . . . the presence of any sensory, mental, or physical disability . . . is recognized

9    as and declared to be a civil right." RCW 49.60.030(1). The WLAD grants "[a]ny

10   person deeming . . . herself injured by any act in violation of this chapter . . . a civil

11   action." RCW 49.60.010(2). The WLAD makes it "an unfair practice for any

12   person . . . to commit an act which directly or indirectly results in

13   any . . . discrimination . . . in any place of public resort, accommodation,

14   assemblage, or amusement."  RCW 49.60.215(1).  In order to make out a prima

15   facie case under RCW 49.60.215, a plaintiff must show that "***the defendant's***

16   ***business or establishment*** is a place of public accommodation." *Fell v. Spokane*

17   *Transit Auth.*, 128 Wn.2d 618, 637 (1996) (emphasis added).

18          Dr. Weber has failed to state a claim upon which relief can be granted under

19   the WLAD.  Even assuming that a courthouse is a place of public

20

21

ORDER GRANTING MOTION TO DISMISS AS TO JOHN MUNDING ~ 8

accommodation,[3] the federal courthouse is not Mr. Munding's "business or establishment." Mr. Munding neither owns nor has any responsibility for the operations of the courthouse. Dr. Weber's WLAD cause of action against Mr. Munding is therefore **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

## VII.  Fourteenth Amendment

Dr. Weber alleges that Mr. Munding violated the Fourteenth Amendment by failing to make reasonable accommodations for her allergic reaction. The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. The right of access to the courts is "protected by the Due Process Clause of the Fourteenth Amendment." *Tennessee v. Lane*, 541 U.S. 509, 523 (2004). However, "the prohibitions of the Fourteenth Amendment are addressed to the States." *Ex*

---

[3] The only authority this Court has uncovered has held otherwise. *See Kral v. Benton Cty.*, CV-09-5014-RHW, 2009 WL 3856918, at *4 (E.D. Wash. Nov. 10, 2009) (noting that the phrase public accommodation is "defined at length in RCW 49.60.040(2), which does not include any specific mention of a courthouse or jail" and that "extending RCW 49.60.215 to courthouses and jails would be a significant and wholly unsupported leap from the types of facilities identified in the case law to date").

ORDER GRANTING MOTION TO DISMISS AS TO JOHN MUNDING ~ 9

*parte Virginia*, 100 U.S. 339, 346 (1879).  Generally, "state action [is] subject to Fourteenth Amendment scrutiny and private conduct . . . is not." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001).  Seemingly private action may be considered state action, however, if "there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)).

Dr. Weber has failed to state a claim upon which relief can be granted. Mr. Munding is a private attorney who occasionally works as a Chapter 7 trustee in the federal courthouse.  As discussed above, assuming Mr. Munding was acting under color of law at all, he was acting under color of federal, not state, law.  There is no indication or allegation that Mr. Munding was associated with the "State" in any manner.  As the Fourteenth Amendment only restrains state, not federal or private, action, the prohibitions of the Fourteenth Amendment do not apply to Mr. Munding.  What the Court interprets as Dr. Weber's cause of action under the Fourteenth Amendment against Mr. Munding is **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

/ / /

/ / /

**VIII.  Leave to Amend Complaint**

In the Ninth Circuit, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). As discussed above, Dr. Weber has alleged no theory under which Mr. Munding can be held liable for damages resulting from the January 28, 2015, incident in the Thomas S. Foley United States Courthouse. As such, the Court finds that granting leave to amend would be futile.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Defendant John Munding's Motion to Dismiss Case as Frivolous *Sua Sponte* as to Chapter 7 Trustee John D. Munding or Under FRCP 12(b)(6), **ECF No. 11**, is **GRANTED**. All causes of action against Mr. Munding are **dismissed with prejudice**.

The District Court Clerk is directed to enter this Order, provide copies to counsel and *pro se* Weber, and **terminate John Munding as a defendant in this matter**.

**DATED** this 20th day of November, 2015.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Judge