UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARBARA J. WEBER, Ph.D., <br><br> Plaintiff, <br> v. <br><br> DAVID E. EASH, Attorney at Law; JOHN MUNDING, Trustee of the Court; PAUL ZAMBON; and GENERAL SERVICES ADMINSTRATION, <br><br> Defendants. | NO: 2:15-CV-225-RMP <br><br> ORDER GRANTING MOTION TO DISMISS AS TO DAVID E. EASH |

BEFORE THE COURT is Defendant David Eash's Motion to Dismiss, **ECF No. 32**. Plaintiff is proceeding *pro se* in prosecuting this action. The Court has reviewed the filings, the response memorandum (ECF No. 36), the amended response memorandum (ECF No. 38), the reply memorandum (ECF No. 45), and the surreply memorandum (ECF No. 50), and is fully informed.

## BACKGROUND

On January 28, 2015, Plaintiff Dr. Barbara Weber alleges that she had an allergic reaction in the Thomas S. Foley United States Courthouse in Spokane,

ORDER GRANTING MOTION TO DISMISS AS TO DAVID E. EASH ~ 1

WA. ECF No. 21 at 2. Dr. Weber alleges that she was attending a bankruptcy hearing on the fifth floor when she reacted to something in the environment and was forced to leave the floor. *Id.* Defendant David E. Eash was representing Dr. Weber in the chapter 7 bankruptcy hearing. *Id.* at 4. Dr. Weber alleges that Mr. Eash asked Dr. Weber's husband about Dr. Weber's location and was informed that Dr. Weber was downstairs as she had suffered an allergic reaction. *Id.* at 6. Dr. Weber alleges that, upon learning she was on another floor and had had an allergic reaction, Mr. Eash refused to make any accommodation for her disability and made her return to the fifth floor to sign paperwork. *Id.* at 7.

The instant lawsuit alleges that Mr. Eash failed to make reasonable accommodations for Dr. Weber's disability as required by a variety of federal and state statutes. *See id.* at 11. Dr. Weber alleges that Mr. Eash violated (1) Title II of the Americans with Disabilities Act ("ADA"); (2) the Rehabilitation Act; (3) Title III of the ADA; (4) the Architectural Barriers Act ("ABA")[1]; (5) the Washington

---

[1] Dr. Weber alleges that Mr. Eash violated a statute called the "ABA." *See* ECF No. 21 at 3. Throughout her second amended complaint, Dr. Weber refers to the American Bar Association Commission on Mental and Physical Disability Law. *See id.* at 3. However, given that the Architectural Barriers Act is a relevant statute that utilizes the acronym "ABA," the Court will analyze Dr. Weber's allegations under both theories of liability.

ORDER GRANTING MOTION TO DISMISS AS TO DAVID E. EASH ~ 2

Law Against Discrimination ("WLAD"); (6) the Fourteenth Amendment Due Process Clause; and (7) the American Bar Association Commission on Mental and Physical Disability Law. *Id.* at 11.

Dr. Weber filed her initial complaint on September 3, 2015. ECF No. 1. Dr. Weber filed an amended complaint on September 8, 2015. ECF No. 4. Dr. Weber then moved the Court for leave to file a second amended complaint on September 23, 2015. ECF No. 8. The Court granted leave to amend on October 14, 2015. ECF No. 20. Dr. Weber filed a second amended complaint on October 14, 2015. ECF No. 21. Mr. Eash filed his motion to dismiss on October 27, 2015. ECF No. 32. Dr. Weber filed her response memorandum on October 29, 2015, and an amended response memorandum on October 30, 2015. ECF Nos. 36 and 38. Mr. Eash filed his reply memorandum on November 12, 2015. ECF No. 45. Dr. Weber filed her surreply memorandum on November 20, 2015. ECF No. 50.

## DISCUSSION

### I. Rule 12(b)(6) Legal Standard

The Federal Rules of Civil Procedure allow for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss brought pursuant to this rule "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and construes those allegations in the light most favorable to the

non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**II. Title II of the Americans with Disabilities Act**

Dr. Weber alleges that Mr. Eash violated Title II of the ADA when he failed to make reasonable accommodations for her allergic reaction. ECF No. 21 at 3–4. Dr. Weber cites a number of statutory and Code of Federal Regulations provisions as well as sections of the Title II Technology Assistance Manual. *Id.*

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "public entity" includes "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority." 42 U.S.C. § 12131.

In her second amended complaint, Dr. Weber admits that Mr. Eash is a private attorney retained by Dr. Weber to represent her in a chapter 7 bankruptcy proceeding. *See* ECF No. 21 at 3–4. As discussed above, Title II of the ADA only applies to "public entit[ies]" which include instrumentalities of State or local governments. *See* 42 U.S.C. § 12131. As a private attorney, Mr. Eash is not a "public entity" as defined by the ADA.

Dr. Weber's arguments to the contrary are unavailing. Dr. Weber alleges that, as an attorney licensed by the State of Washington who serves the public, Mr. Eash must comply with Title II. *See* ECF No. 21 at 2. The mere fact that Mr. Eash is licensed by the State of Washington does not transform Mr. Eash into a "public entity." *See Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972) (noting that, under 42 U.S.C. § 1983, "[t]he Court has never held . . . that discrimination by an otherwise private entity would be violative of the Equal Protection Clause if the private entity received any sort of benefit or service at all from the State, or if it is subject to state regulation in any degree whatever").

Dr. Weber has failed to show that Mr. Eash is anything more than a private individual, offering his services to the public as an attorney. *See Green v. City of New York*, 465 F.3d 65, 76 (2nd Cir. 2006) (affirming dismissal of ADA Title II action as the principal actor in the case was "not a proper defendant because he is an individual, not a public entity"). Serving the public does not automatically make an actor an "instrumentalit[y]" of a State or local government, as required by Title

II of the ADA. Although it may be true that "[c]ourts could not be held without lawyers," ECF No. 38 at 14, the fact that an attorney steps through the courthouse door does not transform that attorney into a "public entity" under Title II.

Along similar lines, merely entering the federal courthouse does not subject Mr. Eash to Title II liability. Dr. Weber cites a law review article for the proposition that "once lawyers enter into a Federal Courthouse they must follow all Federal rules." ECF No. 36 at 2 (citing Judith A. McMorrow, *The (F)utility of Rules: Regulating Attorney Conduct in Federal Court Practices*, 58 SMU L. REV. 3 (2005)). This article, however, only discusses the applicability of the Federal Rules of Civil Procedure, Criminal Procedure, and Evidence, as well as the Modern Rules of Professional Conduct. *See* McMorrow, *supra*, at 5–6. The article does not advocate for the applicability of otherwise inapplicable statutes such as Title II of the ADA.

Dr. Weber also cites "Drew v. Merrill," which she alleges "involves a physician's refusal to provide the cost of an interpreter for a female patient's deaf husband." ECF No. 38 at 10. Although Dr. Weber did not provide a citation for "Drew," the Court was able to uncover what it believes to be the correct case. The lawsuit, which settled via consent judgment,[2] appears to have arisen under Title III

---

[2] The Court found what it believes to be the consent judgment at http://www.ada.gov/drew.htm.

ORDER GRANTING MOTION TO DISMISS AS TO DAVID E. EASH ~ 6

of the ADA against a private obstetrician. *See* <u>Enforcing the ADA: A Status Report from the Department of Justice</u>, at 5–6, http://www.ada.gov/octdec99.pdf. As "Drew" arose under Title III, the case is irrelevant to any discussion of Dr. Weber's claims under Title II. The Court finds that Mr. Eash is not subject to the restrictions imposed by Title II of the ADA. Therefore, Dr. Weber's cause of action under Title II of the ADA against Mr. Eash is **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

### III. The Rehabilitation Act

The Rehabilitation Act states that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency." 29 U.S.C. § 794(a). To state a claim under the Rehabilitation Act, Dr. Weber must allege that she was subjected to discrimination under a qualifying "program or activity." *Id.* The term "program or activity" potentially includes the operations of instrumentalities of State or local governments, educational institutions, and business organizations. 29 U.S.C. § 794(b). The definition does not include the actual operations of federal instrumentalities. *See id.*

As operations of the federal government, neither the bankruptcy proceeding nor the federal courthouse qualify as a "program or activity." Further, although

ORDER GRANTING MOTION TO DISMISS AS TO DAVID E. EASH ~ 7

"program or activity" could include "an entire corporation, partnership, or other private organization", *see* 29 U.S.C. § 794(b)(3), such organization must receive federal financial assistance to fall under the Rehabilitation Act. *See* 29 U.S.C. § 794(a). Although Dr. Weber discusses Mr. Eash's law firm, ECF No. 50 at 6–7, there is no indication or allegation that Mr. Eash's firm receives federal financial assistance. As such, there is no plausible allegation that Mr. Eash discriminated against Dr. Weber with respect to a qualifying "program or activity." Dr. Weber's cause of action against Mr. Eash under the Rehabilitation Act is **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

### IV. Title III of the Americans with Disabilities Act

Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "Public accommodation" includes various private entities, if the operations of such entities affect commerce, including places of lodging, establishments serving food or drink, theaters, places used for public transportation, and places of education. 42 U.S.C. § 12181(7).

Dr. Weber's allegation, as understood by the Court, is that Mr. Eash discriminated against her regarding her use of the federal courthouse. Dr. Weber has failed to state a claim upon which relief can be granted. There is no support for

ORDER GRANTING MOTION TO DISMISS AS TO DAVID E. EASH ~ 8

the proposition that a courthouse is a place of public accommodation as the term is defined by the ADA. Unlike the various entities listed in § 12181(7), a courthouse is not a private entity. Further, while Mr. Eash may occasionally work in the courthouse, as a private attorney he does not own, lease, or operate the entity as required by § 12182(a).

In her pleadings, Dr. Weber discusses Mr. Eash's law firm in the context of Title III. ECF No. 50 at 6–7. The Court assumes that Dr. Weber's discussion of "Drew v. Merrill," discussed above, is intended to bolster her Title III allegation as "Drew" involved a Title III lawsuit against a private obstetrician. However, as far as the Court can tell, the "Drew" defendant discriminated against the disabled plaintiff at the doctor's private office, or, in other words, a location owned, leased, or operated by the defendant. *See* Enforcing the ADA: A Status Report from the Department of Justice, at 5–6, http://www.ada.gov/octdec99.pdf. The allegations here involve discrimination at the federal courthouse, a location not owned, leased, or operated by Mr. Eash. As such, a Title III claim is unavailable to Dr. Weber. Therefore, Dr. Weber's cause of action under Title III of the ADA against Mr. Eash is **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

### V. The Architectural Barriers Act

The ABA was designed to "insure whenever possible that physically handicapped persons will have ready access to, and use of, [qualifying] buildings."

42 U.S.C. § 4152. Regardless of whether the federal courthouse may be subject to the ABA, *see* 42 U.S.C. § 4151, the ABA provides for "purely administrative remedies" and does not "provide for a private cause of action." *Jackson v. Fed. Bureau of Prisons*, 06-1347 (MJD/RLE), 2007 WL 843839, at *20 (D. Minn. Mar. 16, 2007); *see also Fulton v. United States*, 198 F. App'x 210, 216 (3rd Cir. 2006) (noting that the ABA "provid[es] no independent statutory right of action . . . nor . . . an implied right of action"). As the ABA does not authorize a private cause of action, Dr. Weber's attempted cause of action under the ABA against Mr. Eash is **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

### VI. Washington Law Against Discrimination

The WLAD states that "the right to be free from discrimination because of . . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right." RCW 49.60.030(1). The WLAD grants "[a]ny person deeming . . . herself injured by any act in violation of this chapter . . . a civil action." RCW 49.60.010(2). The WLAD makes it "an unfair practice for any person . . . to commit an act which directly or indirectly results in any . . . discrimination . . . in any place of public resort, accommodation, assemblage, or amusement." RCW 49.60.215(1). In order to make out a prima facie case under RCW 49.60.215, a plaintiff must show that "***the defendant's***

ORDER GRANTING MOTION TO DISMISS AS TO DAVID E. EASH ~ 10

*business or establishment* is a place of public accommodation." *Fell v. Spokane Transit Auth.*, 128 Wn.2d 618, 637 (1996) (emphasis added).

Dr. Weber has failed to state a claim upon which relief can be granted under the WLAD. Even assuming that a courthouse is a place of public accommodation,[3] the federal courthouse is not Mr. Eash's "business or establishment." Mr. Eash, as a private attorney, neither owns nor has any responsibility for the operations of the courthouse. Dr. Weber's WLAD cause of action against Mr. Eash is therefore **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

### VII. Fourteenth Amendment

Dr. Weber alleges that Mr. Eash violated the Fourteenth Amendment by failing to make reasonable accommodations for her allergic reaction. The Fourteenth Amendment provides that no State shall "deprive any person of life,

---

[3] The only authority this Court has uncovered has held otherwise. *See Kral v. Benton Cty.*, CV-09-5014-RHW, 2009 WL 3856918, at *4 (E.D. Wash. Nov. 10, 2009) (noting that the phrase public accommodation is "defined at length in RCW 49.60.040(2), which does not include any specific mention of a courthouse or jail" and that "extending RCW 49.60.215 to courthouses and jails would be a significant and wholly unsupported leap from the types of facilities identified in the case law to date").

ORDER GRANTING MOTION TO DISMISS AS TO DAVID E. EASH ~ 11

liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. The right of access to the courts is "protected by the Due Process Clause of the Fourteenth Amendment." *Tennessee v. Lane*, 541 U.S. 509, 523 (2004). However, "the prohibitions of the Fourteenth Amendment are addressed to the States." *Ex parte Virginia*, 100 U.S. 339, 346 (1879).

Generally, "state action [is] subject to Fourteenth Amendment scrutiny and private conduct . . . is not." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Seemingly private action may be considered State action, however, if "there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)). However, as discussed above, merely being licensed by the State does not automatically transform an otherwise private actor into a State actor. *See Moose Lodge*, 407 U.S. at 173.

Dr. Weber has failed to state a claim upon which relief can be granted. Mr. Eash is a private attorney who was working in the federal courthouse as Dr. Weber's representative in a chapter 7 bankruptcy proceeding. The only allegation that Mr. Eash was associated with the "State" in any manner is that Mr. Eash, as an attorney, is licensed by the State of Washington. As merely holding a state-issued license is, without more, insufficient to transform an otherwise private actor into a State actor, Mr. Eash was not bound by the

ORDER GRANTING MOTION TO DISMISS AS TO DAVID E. EASH ~ 12

Fourteenth Amendment when representing Dr. Weber. What the Court interprets as Dr. Weber's cause of action under the Fourteenth Amendment against Mr. Eash is **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

### VIII. American Bar Association Commission on Mental and Physical Disability Law

Dr. Weber purports to bring a cause of action against Mr. Eash under the American Bar Association Commission on Mental and Physical Disability Law. ECF No. 21 at 11. Dr. Weber lists a number of obligations that Mr. Eash was allegedly required to comply with according to the American Bar Association. *Id.* at 6. Although Dr. Weber provides various citations, *see id.* at 6 (§ d), 9 (§ e), the Court has been unable to find the exact sources to which Dr. Weber refers. Regardless, American Bar Association rules do not have the force of law and do not provide Dr. Weber with a cause of action against Mr. Eash. Any remedy as to an alleged rule violation would be through a different mechanism, such as a bar complaint or a professional malpractice tort lawsuit. As such, Dr. Weber's purported cause of action under the American Bar Association Commission on Mental and Physical Disability Law against Mr. Eash is **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

### IX. Leave to Amend Complaint

In the Ninth Circuit, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading

ORDER GRANTING MOTION TO DISMISS AS TO DAVID E. EASH ~ 13

could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). As discussed above, Dr. Weber has alleged no theory under which Mr. Eash can be held liable for damages resulting from the alleged January 28, 2015, incident in the Thomas S. Foley United States Courthouse. As such, the Court finds that granting leave to amend would be futile.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant David Eash's Motion to Dismiss, **ECF No. 32**, is **GRANTED**. All causes of action against Mr. Eash are **dismissed with prejudice**.

The District Court Clerk is directed to enter this Order, provide copies to counsel and *pro se* Weber, and **terminate David E. Eash as a defendant in this matter**.

**DATED** this 8th day of December 2015.

                                  *s/ Rosanna Malouf Peterson*
                                ROSANNA MALOUF PETERSON
                                  Chief United States District Judge