UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARBARA J. WEBER, Ph.D.,<br><br>                Plaintiff,<br>  v.<br><br>DAVID E. EASH, Attorney at Law; JOHN MUNDING, Trustee of the Court; PAUL ZAMBON; and GENERAL SERVICES ADMINSTRATION,<br><br>                Defendants. | NO: 2:15-CV-225-RMP<br><br>ORDER GRANTING MOTION TO DISMISS AS TO GENERAL SERVICES ADMINISTRATION AND PAUL ZAMBON |

BEFORE THE COURT are Defendants General Services Administration and Paul Zambon's Motion to Dismiss, **ECF No. 31**, and Plaintiff Dr. Barbara Weber's Motion to Amend Jurisdiction so that this Court can Hear the Case against the GSA, **ECF No. 35**. Plaintiff is proceeding *pro se* in prosecuting this action. The Court has reviewed the filings, the response memorandum (ECF No. 33), the amended response memorandum (ECF No. 34), the reply memorandum (ECF No. 41), and the surreply memorandum (ECF No. 46), and is fully informed.

ORDER GRANTING MOTION TO DISMISS AS TO GENERAL SERVICES ADMINISTRATION AND PAUL ZAMBON ~ 1

**BACKGROUND**

On January 28, 2015, Plaintiff Dr. Barbara Weber alleges that she had an allergic reaction in the Thomas S. Foley United States Courthouse in Spokane, Washington. ECF No. 21 at 21. Dr. Weber alleges that she was attending a bankruptcy hearing on the fifth floor when she reacted to something in the environment and was forced to leave the floor. *Id.* Defendant General Services Administration ("GSA") is a federal administrative agency that manages the Thomas S. Foley United States Courthouse. ECF No. 31 at 2. Defendant Paul Zambon is the Field Office Manager for GSA in Spokane. *Id.* Dr. Weber alleges that the chapter 7 bankruptcy trustee, John Munding, and her private attorney, David E. Eash, failed to provide her with reasonable accommodations for her allergic reaction by forcing her to return to the fifth floor where Messrs. Munding and Eash made her remain to answer questions and sign paperwork. ECF No. 21 at 21–22.

As the Court understands Dr. Weber's allegations, the instant lawsuit alleges that GSA either failed to make reasonable accommodations for Dr. Weber's disability as required by a variety of federal and state statutes or is vicariously liable for co-defendants Messrs. Munding's and Eash's failure to make reasonable accommodations for Dr. Weber's disability. *See id.* at 20. Dr. Weber alleges that GSA is liable under (1) Title II of the Americans with Disabilities Act ("ADA"); (2) the Rehabilitation Act; (3) Title III of the ADA; (4) the Architectural Barriers

Act ("ABA")[1]; (5) the Washington Law Against Discrimination ("WLAD"); (6) the Fourteenth Amendment Due Process Clause; (7) the American Bar Association Commission on Mental and Physical Disability Law; and (8) negligence. *Id.* at 38; ECF No. 46 at 2.

Dr. Weber filed her initial complaint on September 3, 2015. ECF No. 1. Dr. Weber filed an amended complaint on September 8, 2015. ECF No. 4. Dr. Weber then moved the Court for leave to file a second amended complaint on September 23, 2015. ECF No. 8. The Court granted leave to amend on October 14, 2015. ECF No. 20. Dr. Weber filed a second amended complaint on October 14, 2015. ECF No. 21. Defendants filed their motion to dismiss on October 23, 2015. ECF No. 31. Dr. Weber filed both her response memorandum and an amended response memorandum on October 27, 2015. ECF Nos. 33 and 34. Dr. Weber moved to amend the jurisdiction section of her second amended complaint on October 29, 2015. ECF No. 35. Defendants filed their reply memorandum on

---

[1] Dr. Weber alleges that GSA violated a statute called the "ABA." *See* ECF No. 21 at 39. Throughout her second amended complaint, Dr. Weber refers to the American Bar Association Commission on Mental and Physical Disability Law. *See id.* at 3. However, given that the Architectural Barriers Act is a relevant statute that utilizes the acronym "ABA," the Court will analyze Dr. Weber's allegations under both theories of liability.

ORDER GRANTING MOTION TO DISMISS AS TO GENERAL SERVICES ADMINISTRATION AND PAUL ZAMBON ~ 3

November 9, 2015. ECF No. 41. Dr. Weber filed her surreply memorandum, without the Court's permission, on November 12, 2015. ECF No. 46.

## DISCUSSION

### I. Rule 12(b)(6) Legal Standard

The Federal Rules of Civil Procedure allow for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss brought pursuant to this rule "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and construes those allegations in the light most favorable to the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### II. Causes of Action as to Paul Zambon

While Paul Zambon is mentioned as a defendant in the caption of Dr. Weber's second amended complaint, ECF No. 21 at 1, Dr. Weber never alleges that Mr. Zambon violated any statutory or constitutional provision. *See generally*

*id.* As such, Dr. Weber has failed to allege any causes of action as to Mr. Zambon, who is **dismissed with prejudice** from this lawsuit.

### III. Title II of the Americans with Disabilities Act

Dr. Weber alleges that GSA violated Title II of the ADA when it failed to make reasonable accommodations for her allergic reaction. ECF No. 21 at 38. Dr. Weber cites a number of statutory and Code of Federal Regulations provisions as well as sections of the Title II Technology Assistance Manual. *Id.*

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "public entity" includes "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority." 42 U.S.C. § 12131. "By definition, the ADA does not apply to the federal government." *United States v. Wishart*, 146 F. App'x 171, 173 (9th Cir. 2005).

To the extent that Dr. Weber alleges that GSA violated Title II of the ADA, Dr. Weber has failed to state a claim upon which relief can be granted. GSA is an instrumentality of the federal, as opposed to a State or local, government. As such,

GSA is not a "public entity" as defined by Title II. Therefore, the Court finds that GSA is not subject to the restrictions imposed by Title II of the ADA.

To the extent that Dr. Weber alleges that GSA is vicariously liable for the conduct of Messrs. Munding and Eash, Dr. Weber has failed to state a claim upon which relief can be granted. The Court has found that neither Mr. Munding nor Mr. Eash can be held liable under Title II of the ADA as neither attorney is a "public entity" as that term is defined by Title II. *See* ECF No. 51 at 5; ECF No. 53 at 5. As such, GSA cannot be held vicariously liable under Title II of the ADA.

Therefore, Dr. Weber's cause of action under Title II of the ADA against GSA is **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

### IV. The Rehabilitation Act

The Rehabilitation Act states that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency." 29 U.S.C. § 794(a). To state a claim under the Rehabilitation Act, Dr. Weber must allege that she was subjected to discrimination under a qualifying "program or activity." *Id.* The term "program or activity" potentially includes the operations of instrumentalities of State or local governments, educational institutions, and business organizations. 29

U.S.C. § 794(b). The definition does not include the actual operations of federal instrumentalities. *See id.*

As operations of the federal government, neither the bankruptcy proceeding nor the federal courthouse qualify as a "program or activity." As such, Dr. Weber has failed to state a claim upon which relief can be granted against GSA under the Rehabilitation Act.

To the extent that Dr. Weber alleges that GSA is vicariously liable for the conduct of Messrs. Munding and Eash, Dr. Weber has failed to state a claim upon which relief can be granted. The Court has found that neither Mr. Munding nor Mr. Eash can be held liable under the Rehabilitation Act as neither attorney was engaged in a "program or activity" as that term is defined by the Rehabilitation Act. *See* ECF No. 51 at 6; ECF No. 53 at 8. As such, GSA cannot be held vicariously liable under the Rehabilitation Act.

Therefore, Dr. Weber's cause of action under the Rehabilitation Act against GSA is **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

### V. Title III of the Americans with Disabilities Act

Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place

of public accommodation." 42 U.S.C. § 12182(a). "Public accommodation" includes various private entities, if the operations of such entities affect commerce, including places of lodging, establishments serving food or drink, theaters, places used for public transportation, and places of education. 42 U.S.C. § 12181(7).

Dr. Weber's allegation, as understood by the Court, is that GSA discriminated against her regarding her use of the federal courthouse. Dr. Weber has failed to state a claim upon which relief can be granted. There is no support for the proposition that a courthouse is a place of public accommodation as the term is defined by the ADA. Unlike the various entities listed in § 12181(7), the courthouse is not a private entity. As such, Dr. Weber has failed to state a claim upon which relief can be granted against GSA under Title III of the ADA.

To the extent that Dr. Weber alleges that GSA is vicariously liable for the conduct of Messrs. Munding and Eash, Dr. Weber has failed to state a claim upon which relief can be granted. The Court has found that neither Mr. Munding nor Mr. Eash can be held liable under Title III of the ADA as neither attorney owns, leases, or operates the courthouse as required by 42 U.S.C. § 12182(a). *See* ECF No. 51 at 7; ECF No. 53 at 9. As such, GSA cannot be held vicariously liable under Title III of the ADA.

Therefore, Dr. Weber's cause of action under Title III of the ADA against GSA is **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

## VI. The Architectural Barriers Act

The ABA was designed to "insure whenever possible that physically handicapped persons will have ready access to, and use of, [qualifying] buildings." 42 U.S.C. § 4152. Regardless of whether the federal courthouse may be subject to the ABA, *see* 42 U.S.C. § 4151, the ABA provides for "purely administrative remedies" and does not "provide for a private cause of action." *Jackson v. Fed. Bureau of Prisons*, 06-1347 (MJD/RLE), 2007 WL 843839, at *20 (D. Minn. Mar. 16, 2007); *see also Fulton v. United States*, 198 F. App'x 210, 216 (3rd Cir. 2006) (noting that the ABA "provid[es] no independent statutory right of action . . . nor . . . an implied right of action"). As the ABA does not authorize a private cause of action, Dr. Weber's attempted cause of action under the ABA against GSA is **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

## VII. Washington Law Against Discrimination

The WLAD states that "the right to be free from discrimination because of . . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right." RCW 49.60.030(1). The WLAD grants "[a]ny person deeming . . . herself injured by any act in violation of this chapter . . . a civil action." RCW 49.60.010(2). The WLAD makes it "an unfair practice for any person . . . to commit an act which directly or indirectly results in any . . . discrimination . . . in any place of public resort, accommodation,

assemblage, or amusement." RCW 49.60.215(1). In order to make out a prima facie case under RCW 49.60.215, a plaintiff must show that "the defendant's business or establishment is a place of public accommodation." *Fell v. Spokane Transit Auth.*, 128 Wn.2d 618, 637 (1996).

Dr. Weber has failed to state a claim upon which relief can be granted under the WLAD. Even assuming that a courthouse is a place of public accommodation,[2] the United States has not waived sovereign immunity with respect to a claim of discrimination under a state statute. *See* ECF No. 31 at 10; *see also Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (noting that "[i]t is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued" and that "[w]here a suit has not been consented to be the United States, dismissal of the action is required"). The principles of sovereign immunity apply whenever a federal agency

---

[2] The only authority this Court has uncovered has held otherwise. *See Kral v. Benton Cty.*, CV-09-5014-RHW, 2009 WL 3856918, at *4 (E.D. Wash. Nov. 10, 2009) (noting that the phrase public accommodation is "defined at length in RCW 49.60.040(2), which does not include any specific mention of a courthouse or jail" and that "extending RCW 49.60.215 to courthouses and jails would be a significant and wholly unsupported leap from the types of facilities identified in the case law to date").

ORDER GRANTING MOTION TO DISMISS AS TO GENERAL SERVICES ADMINISTRATION AND PAUL ZAMBON ~ 10

is sued. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687–88 (1949). As GSA is a federal administrative agency, GSA is protected by the United States' sovereign immunity and cannot be sued without the consent of the United States.

Although Dr. Weber alleges that "[s]overeign [i]mmunity [d]oes not apply," Dr. Weber only cites the Rehabilitation Act (at the Act's prior United States Code provision of § 504) in support. ECF No. 34 at 2. The Rehabilitation Act, however, does not contain an express waiver of the United States' sovereign immunity as to lawsuits based on state statutory causes of action such as the WLAD. *See generally* 29 U.S.C. § 794. As GSA is protected by sovereign immunity, Dr. Weber has failed to state a claim upon which relief can be granted against GSA under the WLAD.

To the extent that Dr. Weber alleges that GSA is vicariously liable for the conduct of Messrs. Munding and Eash, Dr. Weber has failed to state a claim upon which relief can be granted. The Court has found that neither Mr. Munding nor Mr. Eash can be held liable under the WLAD as the federal courthouse is neither attorney's "business or establishment." *See* ECF No. 51 at 9; ECF No. 53 at 11. As such, GSA cannot be held vicariously liable under the WLAD.

Therefore. Dr. Weber's WLAD cause of action against GSA is **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

## VIII. Fourteenth Amendment

Dr. Weber alleges that GSA violated the Fourteenth Amendment by failing to make reasonable accommodations for her allergic reaction. The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. The right of access to the courts is "protected by the Due Process Clause of the Fourteenth Amendment." *Tennessee v. Lane*, 541 U.S. 509, 523 (2004). However, "the prohibitions of the Fourteenth Amendment are addressed to the States." *Ex parte Virginia*, 100 U.S. 339, 346 (1879).

Dr. Weber has failed to state a claim upon which relief can be granted. GSA is an instrumentality of the federal, not a State or local, government. As the Fourteenth Amendment only restrains State, not federal, action, the prohibitions of the Fourteenth Amendment do not apply to GSA.

To the extent that Dr. Weber alleges that GSA is vicariously liable for the conduct of Messrs. Munding and Eash, Dr. Weber has failed to state a claim upon which relief can be granted. The Court has found that neither Mr. Munding nor Mr. Eash can be held liable under the Fourteenth Amendment as neither Mr. Munding nor Mr. Eash is a State actor restrained by the Fourteenth Amendment. ECF No. 51 at 10; ECF No. 53 at 13. As such, GSA cannot be held vicariously liable under the Fourteenth Amendment.

What the Court interprets as Dr. Weber's cause of action under the Fourteenth Amendment against GSA is **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

### IX. American Bar Association Commission on Mental and Physical Disability Law

Dr. Weber purports to bring a cause of action against GSA under the American Bar Association Commission on Mental and Physical Disability Law. ECF No. 21 at 25. Dr. Weber lists a number of obligations that Messrs. Munding and Eash were allegedly required to comply with according to the American Bar Association. *Id.* at 28–32. As GSA is not an attorney, it is unclear how American Bar Association rules apply to GSA. Further, to the extent that Dr. Weber alleges that GSA is vicariously liable for Messrs. Munding's and Eash's violations of American Bar Association rules, American Bar Association rules neither have the force of law nor create a privately enforceable cause of action. As such, Dr. Weber's purported cause of action under the American Bar Association Commission on Mental and Physical Disability Law against GSA is **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

### X. Negligence

In her surreply memorandum, Dr. Weber noted that "GSA is negligent because GSA is responsible for maintenance of the Federal Courthouse." ECF No. 46 at 2. The Court, however, will not permit Dr. Weber to belatedly allege a

negligence cause of action that was not raised in the second amended complaint. Further, even if the Court were to allow Dr. Weber to allege a negligence cause of action, negligence arises under the State of Washington's tort common law. Similar to Dr. Weber's WLAD allegation, GSA has not waived sovereign immunity as to negligence or any other state law tort claim. As such, to the extent Dr. Weber attempts to allege a negligence cause of action, Dr. Weber has failed to state a claim upon which relief can be granted.

**XI. Leave to Amend Complaint**

Dr. Weber, in tandem with her response and amended response, filed a Motion to Amend Jurisdiction so that this Court can Hear the Case against the GSA, ECF No. 35. As Dr. Weber has previously amended her complaint, see ECF Nos. 4 and 21, Dr. Weber may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court should freely give leave to amend when justice so requires. *Id.* The Supreme Court has offered the following guidance to district courts when deciding whether to grant leave to amend:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

ORDER GRANTING MOTION TO DISMISS AS TO GENERAL SERVICES ADMINISTRATION AND PAUL ZAMBON ~ 14

Dr. Weber moves the Court to amend the venue and jurisdiction section of her second amended complaint. ECF No. 35. The Court is, however, unclear as to the purpose of the amendment as the sole substantive change appears to be adding the line "[j]urisdiction is proper in this Court pursuant to 28 USC 1331 (federal question)."[3] *Compare* ECF No. 21 at 23 *with* ECF No. 35. An additional statement asserting federal question jurisdiction under 28 U.S.C. § 1331 does not alter the fact that GSA is not amenable to suit under any of the federal or state statutes cited by Dr. Weber, and such amendment would be futile. As the Court finds that Dr. Weber has failed to allege any cause of action against GSA upon which relief can be granted, the Court **DENIES** Dr. Weber's motion to amend as futile.

In the Ninth Circuit, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). As discussed above, Dr. Weber has alleged no theory under which GSA can be held liable for damages resulting from the January

---

[3] The proposed amended section also alters the venue paragraph, which previously repeated information concerning Mr. Eash. *See* ECF No. 21 at 23. However, as no party has objected to venue, Dr. Weber's proposed alteration is immaterial to the matter at hand.

ORDER GRANTING MOTION TO DISMISS AS TO GENERAL SERVICES ADMINISTRATION AND PAUL ZAMBON ~ 15

28, 2015, incident in the Thomas S. Foley United States Courthouse. As such, the Court finds that granting additional leave to amend would be futile.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants General Services Administration and Paul Zambon's Motion to Dismiss, **ECF No. 31**, is **GRANTED**. All causes of action against General Services Administration and Paul Zambon are **dismissed with prejudice**.

2. Plaintiff's Motion to Amend Jurisdiction so that this Court can Hear the Case against the GSA, **ECF No. 35**, is **DENIED**.

3. As all Defendants have been dismissed from this action, Plaintiff's Second Amended Complaint, **ECF No. 21**, is **dismissed with prejudice**.

4. All pending motions, if any, are **DENIED AS MOOT**.

5. All scheduled court hearings, if any, are **STRICKEN**.

The District Court Clerk is directed to enter this Order, provide copies to counsel and *pro se* Weber, and **close this case**.

**DATED** this 10th day of December 2015.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Judge