UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARBARA J. WEBER, Ph.D.,<br><br>    Plaintiff,<br>    v.<br><br>DAVID E. EASH, Attorney at Law; JOHN MUNDING, Trustee of the Court; PAUL ZAMBON; and GENERAL SERVICES ADMINSTRATION,<br><br>    Defendants. | NO: 2:15-CV-225-RMP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff Dr. Barbara J. Weber's Motion for Reconsideration under Federal Rules of Procedure 60(b)(6), **ECF No. 55**. Dr. Weber is proceeding *pro se* in prosecuting this action. The Court has reviewed the motion, the record, and is fully informed.

**BACKGROUND**

On January 28, 2015, Plaintiff Dr. Barbara Weber alleges that she had an allergic reaction in the Thomas S. Foley United States Courthouse in Spokane, Washington. ECF No. 21 at 2. Dr. Weber alleges that she was attending a

ORDER DENYING MOTION FOR RECONSIDERATION ~ 1

bankruptcy hearing on the fifth floor when she reacted to something in the environment and was forced to leave the floor. *Id.*

Defendant John Munding was serving as the chapter 7 bankruptcy trustee. *Id.* at 16. Dr. Weber alleges that she returned to the fifth floor where Mr. Munding made her remain to answer questions and refused to make any accommodation for her allergic reaction. *Id.*

Defendant David E. Eash was representing Dr. Weber in the chapter 7 bankruptcy proceeding. *Id.* at 4. Dr. Weber alleges that Mr. Eash asked Dr. Weber's husband about Dr. Weber's location and was informed that Dr. Weber was downstairs as she had suffered an allergic reaction. *Id.* at 6. Dr. Weber alleges that, upon learning she was on another floor and had suffered an allergic reaction, Mr. Eash refused to make any accommodation for her disability and made her return to the fifth floor to sign paperwork. *Id.* at 7.

Defendant General Services Administration ("GSA") is a federal administrative agency that manages the Thomas S. Foley United States Courthouse. ECF No. 31 at 2. Defendant Paul Zambon is the Field Office Manager for GSA in Spokane. *Id.*

Dr. Weber alleged that Defendants were liable under (1) Title II of the Americans with Disabilities Act ("ADA"); (2) the Rehabilitation Act; (3) Title III of the ADA; (4) the Architectural Barriers Act ("ABA"); (5) the Washington Law Against Discrimination ("WLAD"); (6) the Fourteenth Amendment; (7) the

American Bar Association Commission on Mental and Physical Disability Law; and (8) negligence. ECF No. 21 at 11, 20, 38; ECF No. 46 at 2. The Court dismissed all of Dr. Weber's allegations for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). ECF Nos. 51, 53, 54.

## DISCUSSION

Dr. Weber moves the Court to reconsider its three Orders dismissing Defendants from this action: Order Granting Motion to Dismiss as to John Munding (ECF No. 51), Order Granting Motion to Dismiss as to David E. Eash (ECF No. 53), and Order Granting Motion to Dismiss as to General Services Administration and Paul Zambon (ECF No. 54).

Dr. Weber argues that the Court erred in finding that (1) Messrs. Munding and Eash were not "public entit[ies]" under Title II of the ADA; (2) Mr. Munding, Mr. Eash, and GSA did not violate the Fourteenth Amendment Due Process and Equal Protection Clauses; and (3) General Services Administration and Mr. Zambon were not negligent under the doctrine of *res ipsa loquitur* for failing to maintain the federal courthouse. ECF No. 55.

### I. Motion for Reconsideration Standard

Under the doctrine of the "law of the case," courts are "generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). A court may depart from the law of the case and grant

reconsideration only where 1) the first decision was clearly erroneous, 2) an intervening change in the law has occurred, 3) the evidence on remand is substantially different, 4) other changed circumstances exist, or 5) a manifest injustice would otherwise result. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion. *Id.*[1]

## II. Title II of the Americans with Disabilities Act

Dr. Weber argues that the Court incorrectly dismissed her causes of action against Messrs. Munding and Eash under Title II of the ADA. ECF No. 55 at 4. However, as discussed in the Court's prior Orders, neither Mr. Munding nor Mr. Eash is a "public entity" as that term is defined by Title II. *See* ECF No. 51 at 4–5; ECF No. 53 at 5.

---

[1] Although Dr. Weber moves for relief under Fed. R. Civ. P. 60(b)(6), ECF No. 55, Rule 60(b)(6) is only applicable where the movant can show "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). As Dr. Weber alleges that the Court's prior Orders were merely erroneous, the Court will analyze Dr. Weber's arguments under the lower burden required for reconsideration. If the Court's Orders were not in error, Dr. Weber by extension cannot demonstrate the required "extraordinary circumstances" under Rule 60(b)(6).

ORDER DENYING MOTION FOR RECONSIDERATION ~ 4

Dr. Weber asserts that Title II "does not make any delineation of individuals that this law pertains to." ECF No. 55 at 6. However, Title II states that the statute only covers "the services, programs, or activities of a public entity" or discrimination "by any such entity." 42 U.S.C. § 12132. The term "public entity" includes "(A) any ***State or local government***; (B) any department, agency, special purpose district, or other instrumentality of a ***State or States or local government***; and (C) the National Railroad Passenger Corporation, and any commuter authority." 42 U.S.C. § 12131 (emphasis added).

Dr. Weber asserts, without authority, both that "Mr. Munding is an entity" and that Mr. Eash "was present during the hearing which was provided as a service from the Federal Court (which is an entity)." ECF No. 55 at 4. Dr. Weber is incorrect on both counts. The Thomas S. Foley United States Courthouse is a ***federal*** courthouse, not an instrumentality of a ***State or local*** government as required to be a "public entity" under Title II. Mr. Munding, in his role as a chapter 7 bankruptcy trustee, has no connection to a State or local government. Although Dr. Weber reasserts her argument that a licensed attorney is an entity, *id.*, the mere fact that an attorney is licensed by the State of Washington does not transform the attorney into a "public entity." *See Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972) (noting that, under 42 U.S.C. § 1983, "[t]he Court has never held . . . that discrimination by an otherwise private entity would be violative of the Equal Protection Clause if the private entity received any sort of benefit or

ORDER DENYING MOTION FOR RECONSIDERATION ~ 5

service at all from the State, or if it is subject to state regulation in any degree whatever").

Dr. Weber is correct that Messrs. Munding and Eash did not "challenge the basic facts of the case." ECF No. 55 at 1–2. This, however, does not provide a reason for this Court to reconsider its Orders. Causes of action under Title II of the ADA can *only* be brought against "public entit[ies]" or for discrimination concerning services provided by a "public entity." *See* 42 U.S.C. § 12132. Mr. Munding, Mr. Eash, and the federal courthouse are, by definition, *not* "public entit[ies]." *See* 42 U.S.C. § 12131. As such, the Court will not reconsider its Orders dismissing Dr. Weber's causes of action against Messrs. Munding and Eash under Title II of the ADA.

### III. Fourteenth Amendment Due Process and Equal Protection Clauses

Dr. Weber argues that the Court did not fully consider her Fourteenth Amendment Due Process and Equal Protection claims against Mr. Munding, Mr. Eash, and GSA. ECF No. 55 at 2. Dr. Weber essentially repeats her prior arguments, alleging that Mr. Munding, Mr. Eash, and GSA violated the Fourteenth Amendment by discriminating against her both on the basis of her disability and on her ability to access the courthouse. *Id.* at 12.

Dr. Weber continues to misconstrue the scope of the Fourteenth Amendment. The Fourteenth Amendment states that "[n]o *State* shall make or enforce any law which shall abridge the privileges or immunities of citizens of the

United States; nor shall any *State* deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the law." U.S. CONST. amend. XIV, § 1 (emphasis added). "[S]tate action [is] subject to Fourteenth Amendment scrutiny and private conduct . . . is not." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Private conduct may only be considered State action if "there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)).

Mr. Munding, in his role as a chapter 7 bankruptcy trustee, is a *private* actor or, at most, a *federal* actor. *See* ECF No. 51 at 4 n.2 (noting that chapter 7 bankruptcy trustees may act under color of federal law in certain instances). Mr. Eash, in his role as a private attorney, is a *private* actor. *See Moose Lodge*, 407 U.S. at 173. GSA, as a federal administrative agency, is a *federal* actor. Dr. Weber has not alleged *any* connection between Messrs. Munding and Eash and a State, let alone a "close nexus" as required to convert their private actions into State action. As the Fourteenth Amendment only restrains *State* actors, Messrs. Munding and Eash are not subject to the Due Process and Equal Protection Clauses. Further, as GSA is a *federal*, not a *State*, actor, the Fourteenth Amendment does not apply to GSA. As such, the Court will not reconsider its Orders dismissing Dr. Weber's

causes of action under the Fourteenth Amendment against Mr. Munding, Mr. Eash, and GSA.

IV. **Negligence and *Res Ipsa Loquitur***

Dr. Weber argues that the Court failed to adequately address her negligence cause of action against GSA and Paul Zambon. ECF No. 55 at 13. Dr. Weber particularly focuses on her allegation that *res ipsa loquitur* applies in this action. *Id.* at 13–14.

First, as the Court noted in its prior Order, Dr. Weber never alleges that Mr. Zambon violated any statutory or constitutional provision. ECF No. 54 at 4–5; *see also* ECF No. 21. Although Mr. Zambon is mentioned as a defendant in the caption of Dr. Weber's Second Amended Complaint, *see* ECF No. 21 at 1, Dr. Weber never alleges any wrongdoing on the part of Mr. Zambon. As Dr. Weber has failed to explain this omission, the Court will not reconsider its Order dismissing Mr. Zambon from this lawsuit.

Second, although Dr. Weber raised negligence in her surreply memorandum to GSA and Mr. Zambon's motion to dismiss, ECF No. 46 at 2, Dr. Weber never alleged negligence as a cause of action against GSA in her Second Amended Complaint. *See generally* ECF No. 21. As noted in the Court's prior Order, the Court "will not permit Dr. Weber to belatedly allege a negligence cause of action." ECF No. 54 at 13–14. Dr. Weber cannot, after failing to allege a negligence cause of action in her Complaint, First Amended Complaint, and Second Amended

Complaint, *see generally* ECF Nos. 1, 4, 21, attempt to prop up her lawsuit with an additional allegation raised for the first time in an unsolicited surreply memorandum.

Third, it is unclear to the Court whether Dr. Weber intends to raise a negligence cause of action at all. Dr. Weber notes that, "[a]s a result of the GSA negligence, Plaintiff suffered denial of due process, discrimination, violation of Title II of the Ada and discrimination defined by the 14th amendment." ECF No. 55 at 14. To the extent Dr. Weber re-alleges a Title II cause of action against GSA, neither GSA nor the federal courthouse, as *federal* instrumentalities, are "public entit[ies]" as that term is defined by 42 U.S.C. § 12131. To the extent Dr. Weber re-alleges a Fourteenth Amendment cause of action against GSA, GSA, as a *federal* actor, is not a *State* actor subject to the Fourteenth Amendment's prohibitions. *See Ex parte Virginia*, 100 U.S. 339, 346 (1879) (noting that "the prohibitions of the Fourteenth Amendment are addressed to the States"). As such, the Court will not reconsider its Order dismissing Dr. Weber's causes of action against GSA.

## CONCLUSION

Contrary to Dr. Weber's assertion that Defendants directed the Court's attention to issues not applicable to the merits of the case, ECF No. 55 at 3, the legal predicates discussed above are necessary to bring causes of action under Title II of the ADA and the Fourteenth Amendment. Despite Dr. Weber's

allegations, a defendant cannot somehow involuntarily submit to being a "public entity" or a "State actor." *See id.* If, as Defendants are here, a defendant is outside the defined group, that defendant ***cannot*** be sued under Title II of the ADA or the Fourteenth Amendment.

Dr. Weber has failed to demonstrate both that the Court erred in dismissing her allegations against Defendants and that "extraordinary circumstances" exist as required by Fed. R. Civ. P. 60(b)(6). Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration under Federal Rules of Procedure 60(b)(6), **ECF No. 55**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel and *pro se* Weber.

**DATED** this 15th day of December, 2015.

         *s/ Rosanna Malouf Peterson*
         ROSANNA MALOUF PETERSON
         Chief United States District Judge